UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff/Respondent, | ) ) |
| v. | ) No. 6:15-CR-13-GFVT-REW-4 ) No. 6:16-CV-238-GFVT-REW ) |
| JARROD L. CUPP, | ) RECOMMENDED DISPOSITION ) |
| Defendant/Movant. | ) ) ) |

\*\*\* \*\*\* \*\*\* \*\*\*

Movant, Jarrod L. Cupp, is a federal inmate. DE #205 (Amended Motion). On October 21, 2016, Cupp filed a *pro se*[1] motion under 28 U.S.C. § 2255. DE #201 (Motion). Cupp did not verify the motion; accordingly, the Court ordered Cupp to submit a completed motion, with valid signature, DE #203 (Order), which, slightly amended, he timely did. *See* DE #205. The Court granted, on particular terms, the Government's motion to find waiver of attorney-client privilege. DE #211 (Order). The United States substantively responded in opposition. DE #212 (Response). Cupp replied. DE #220 (Reply). The matter is ripe for consideration. Per normal practice, the District assigned the matter to the undersigned for a recommended disposition. The Court **RECOMMENDS** that the District Judge fully **DENY** § 2255 relief (DE #201) and issue **NO** Certificate of Appealability. Cupp's motion is without merit.

---

[1] *Pro se* filings receive a comparatively lenient construction by the Court. *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (noting that "allegations of a *pro se* habeas petition, 'though vague and conclusory, are entitled to a liberal construction'" including "active interpretation" toward encompassing an allegation stating "federal relief").

## I. BACKGROUND INFORMATION

On March 26, 2015, a federal grand jury indicted Cupp on one count of conspiracy to distribute a mixture or substance containing a detectable amount of methamphetamine. DE #1 (Indictment). Cupp pleaded guilty to the sole count on September 16, 2015. DE ##120 (Rearraignment Minute Entry), 146 (Plea Agreement), 147 (Sealed Supplement). Judge Van Tatenhove sentenced Cupp on January 21, 2016. DE #154 (Sentencing Minute Entry). Movant received a 52-month prison term, followed by a 5-year term of supervision. DE #155 (Judgment). Cupp did not appeal. On October 21, 2016, Cupp timely submitted a § 2255 motion, DE #201, and the matter developed as described above. *See* DE ##205, 212, 220. The Court wholly rejects each of Movant's claims and recommends dismissal. No basis exists for a Certificate of Appealability.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 2255, a federal prisoner may obtain post-conviction relief if the applicable sentence violates the Constitution or federal law, the federal court lacked jurisdiction to impose such sentence, or the sentence exceeds the maximum authorized by law. 28 U.S.C. § 2255(a); *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003) ("In order to prevail upon a § 2255 motion, the movant must allege as a basis for relief: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" (quoting *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001))). A defendant alleging a constitutional basis must establish "an error of constitutional magnitude" and show that the error had a "substantial and injurious effect

or influence on the proceedings" in order to obtain § 2255 relief. *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 113 S. Ct. 1710, 1721-22 (1993)). When alleging a non-constitutional error, a defendant must prove that the error constituted a "'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 82 S. Ct. 468, 471 (1968)); *see also Watson*, 165 F.3d at 488. In making a § 2255 motion, a movant generally bears the burden of proving factual assertions by a preponderance of the evidence. *McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003) (*per curiam*) ("Defendants seeking to set aside their sentences pursuant to 28 U.S.C. § 2255 have the burden of sustaining their contentions by a preponderance of the evidence.").

## III. ANALYSIS

In the § 2255 motion, as amended, Cupp claims (1) that defense counsel was ineffective in failing to argue for a mitigating role reduction under U.S.S.G. § 3B1.2, and (2) that the Court should reduce his sentence based on U.S.S.G. Amendment 794, which modified the commentary to § 3B1.2. DE #205, at 4-5, 14-15. On this record, both theories plainly fail under 28 U.S.C. § 2255 and the applicable standards.

*A. Cupp's ineffective assistance of counsel claim is meritless.*

The Court first addresses Cupp's assertion that trial counsel was ineffective for not seeking a mitigating role reduction under U.S.S.G. § 3B1.2. When asserting an ineffective assistance claim, a movant must prove both deficient performance and prejudice. *Strickland v. Washington*, 104 S. Ct. 2052, 2064 (1984); *Campbell v.*

3

*Bradshaw*, 674 F.3d 578, 586 (6th Cir. 2012); *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (noting that a movant must prove ineffective assistance by a preponderance of the evidence). In order to prove deficient performance, a movant must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 104 S. Ct. at 2064. A movant meets this burden by showing "that counsel's representation fell below an objective standard of reasonableness" as measured under "prevailing professional norms" and evaluated "considering all the circumstances." *Id.* at 2064-65. Judicial scrutiny of counsel's performance, however, is "highly deferential," featuring a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Id.* at 2065.

Deficient performance is considered constitutionally prejudicial only when "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 2064. In order to prove prejudice, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 2068. When evaluating prejudice, courts generally must take into consideration the "totality of the evidence before the judge or jury." *Id.* at 2069. In the sentencing context, ineffective assistance "can result in *Strickland* prejudice because any amount of additional jail time has Sixth Amendment significance." *Lafler v. Cooper*, 132 S. Ct. 1376, 1386 (2012) (internal quotation marks, alteration, and citation omitted).

Here, Cupp argues that counsel was ineffective when he "failed to argue the minor role reduction in this case when it clearly applied to the petitioner's case."

4

DE #205, at 5. Cupp alleges he "was not the leader of this conspiracy, he was simply supporting his drug habit. He did not retain any profits in this case. He was ONLY a minor player in a bigger investigation." *Id.* at 15 (as in original). Because "petitioner was nothing more than a substance abuser that was paid in substances and did NOT profit in any way," counsel allegedly provided constitutionally deficient representation in eschewing a role reduction argument. *Id.* at 14 (as in original).

The claim is meritless. Section 3B1.2 allows for a reduction in a defendant's base offense level as follows:

> Based on the defendant's role in the offense, decrease the offense level as follows:
>
> (a) If the defendant was a minimal participant in any criminal activity, decrease by 4 levels.
>
> (b) If the defendant was a minor participant in any criminal activity, decrease by 2 levels.
>
> In cases falling between (a) and (b), decrease by 3 levels.

U.S.S.G. § 3B1.2 (2015).[2] The application notes instruct that this section "provides a range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant in the criminal activity." *Id.*, Commentary, Applic. Note 3(A). A court's determination whether to apply an adjustment under § 3B1.2 "is based on the totality of the circumstances and involves a determination that is heavily dependent upon the facts of the particular case." *Id.*, Commentary, Applic. Note 3(C).

However, when the scope of "the larger conspiracy was not taken into account in establishing [the defendant's] base offense level," the Sixth Circuit expressly rejects any

---

[2] All references to the Sentencing Guidelines are to the 2015 edition, the one used at Cupp's sentencing.

argument seeking further reduction under § 3B1.2. *United States v. Roberts*, 223 F.3d 377, 380-81 (6th Cir. 2000) (collecting cases). Quite simply, "when a defendant's base offense level does not reflect the conduct of the larger conspiracy, he should not receive a mitigating role adjustment simply because he was a minor participant in that broader criminal scheme." *Id.* at 381; *see also United States v. Williams*, 635 F. App'x 280, 285 (6th Cir. 2015) (citing *Roberts* and stating: "Defendant essentially argues that he is entitled to a minor or minimal role reduction because his co-defendants conducted more drug buys than he did. This argument rests on a faulty premise that this Court has repeatedly rejected."); *Stewart v. United States*, Nos. 1:05-cv-58, 1:01-cr-97, 2009 WL 3245788, at *7-9 (E.D. Tenn. Oct. 5, 2009) (citing *Roberts* and stating: "[S]ince Stewart's guidelines were based only on the amount of drugs he was personally responsible for, an adjustment for mitigating role was not warranted. Hence, this Court properly denied the reduction at sentencing, and the claim is without merit.").

Cupp's assertion that a § 3B1.2 adjustment "clearly applied," and therefore, that counsel performed deficiently by not seeking such an adjustment, fails in the face of *Roberts*. Per the Presentence Investigation Report (PIR), the calculated base offense level reflects only those sales of meth directly involving Cupp, which do not reflect the full scope of the greater meth trafficking conspiracy. *See* PIR (filed contemporaneously with this Recommendation) ¶¶ 11 ("The CI reported purchasing ½ to 1 gram of methamphetamine from **Cupp** on approximately fifty (50) occasions. [1/2 gram x 50 = 25 grams]"), 47 ("The parties agree **Jarrod Cupp** is responsible for the distribution of between 20 and 30 grams of a methamphetamine mixture."), 52 (designating base offense level of 18 based on distribution of "at least 20 grams, but less than 30 grams of a

6

methamphetamine mixture"); *id.* ¶¶ 9, 20, 22, 24, 27, 29, 32, 35, 38, 39 (detailing various quantities of meth attributable to other members of the conspiracy totaling well over 1,000 grams). Accordingly, Cupp's guideline calculations already reflected his more limited role in the overall conspiracy by accounting only for the meth distribution for which he was personally responsible. Further reduction under § 3B1.2 would not have been warranted. *See, e.g.*, *United States v. Verburg*, 588 F. App'x 434, 438 (6th Cir. 2014) ("With respect to Verburg's first contention—the amount of marijuana—we have held previously that '[d]efendants may be minimal or minor participants in relation to the scope of the conspiracy as a whole, but they are not entitled to a mitigating role reduction if they are held accountable only for the quantities of drugs attributable to them.'" (quoting *United States v. Campbell*, 279 F.3d 392, 396 (6th Cir. 2002))); *Stewart*, 2009 WL 3245788, at *9. Given Cupp's ineligibility for an additional adjustment under § 3B1.2, defense counsel could not have rendered ineffective assistance by not arguing for such a reduction. *See Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001) ("By definition, [] counsel cannot be deemed ineffective for failure to raise an issue that lacks merit."); *United States v. Latham*, 2010 WL 161436, at *4 (W.D. Mich. Jan. 8, 2010) (collecting cases and stating: "As a matter of law, one cannot render constitutionally ineffective assistance of counsel by 'failing' or refusing to raise arguments which lack merit, whether at trial or on appeal.").

Alternatively, Movant's ineffective assistance claim fails given the explicit waiver in the plea agreement of Cupp's right to seek a mitigating role reduction. Cupp directly agreed to "not file a motion for a decrease in offense level based on a mitigating role pursuant to U.S.S.G § 3B1.2[.]" DE #146 ¶ 7. During rearraignment, Cupp acknowledged

7

reading the entirety of the plea agreement and agreed that the United States presented an accurate summary of the plea agreement, which expressly referenced the § 3B1.2 motion waiver. DE #208 (Rearraignment Transcript), at 21, 24-26. The Court found Cupp fully competent to enter the plea and that the plea was knowing and voluntary. *Id.* at 47-48. Nothing in the record suggests that Cupp did not knowingly waive his right to seek a sentencing reduction under § 3B1.2. As such, Defense counsel's decision not to seek a Guidelines reduction Cupp *explicitly* waived in the plea agreement paralleled the parties' plea deal and fell well within the bounds of reasonable professional norms. *Strickland*, 104 S. Ct. at 2065.[3]

---

[3] In the reply, and in support of the ineffective assistance claim, Cupp off-handedly asserts that defense counsel "did fail to inform the petitioner of waiving all his rights away, and the fact these plea waivers are considered a violation of the petitioners constitutional rights." DE #220, at 2 (all as in original). To the extent Cupp intended to raise additional claims with these statements, the Court (though noting impropriety in raising a new issue via a reply) addresses them. First, the statements are factually inaccurate; Cupp did not "waive[] all his rights away." The plea agreement *specifically reserved* Cupp's right to appeal the sentence, though it did foreclose his ability to appeal the guilty plea and conviction and the ability to seek a mitigating role reduction at sentencing. DE #146 ¶¶ 7, 8. Second, Cupp presents no evidence to support the contention that his attorney failed to inform him of the waivers. In fact, the record belies this assertion. Cupp signed the plea agreement. Further, during rearraignment, and after a short recess to allow Cupp additional time to read and review the plea agreement with counsel, Cupp acknowledged that he understood everything in the plea agreement and discussed the provisions with his lawyer. DE #208, at 21. Third, knowing and voluntary plea waivers are not, as Cupp contends, a violation of a defendant's rights. *See In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007) ("[A] defendant's informed and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable."). Cupp knowingly and voluntarily entered the plea agreement and, under oath, pleaded guilty; Cupp cites nothing to the contrary. Ultimately, Cupp does not support the attacks to plea validity suggested in the reply.

For the reasons stated, defense counsel did not provide ineffective assistance by not seeking a mitigating role reduction on behalf of Cupp at sentencing. Movant's claim conclusively fails.[4]

### B. Cupp's request for sentencing reduction under Amendment 794 fails.

In addition to the ineffective assistance claim, Cupp seeks a sentence reduction based on U.S.S.G. Amendment 794, which modified the commentary to § 3B1.2. The Court rejects this claim for several reasons.

First, Cupp's valid collateral attack waiver blocks merits consideration of this claim for substantive relief. The Government raised the waiver issue. DE #212, at 5. In his plea agreement, Cupp waived "the statutory right to collaterally attack the guilty plea, conviction, and sentence" except for "claims of ineffective assistance of counsel." DE #146 ¶ 8. At least other than "where a defendant argues that his plea was not knowing or voluntary, or was the product of ineffective assistance of counsel[,]" "a defendant's informed and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable." *In re Acosta*, 480 F.3d at 422 (enforcing appeal waiver). Here, Cupp acknowledged by executing the agreement that he had reviewed the full document with counsel and understood its terms. DE #146 ¶ 13. At rearraignment, Cupp, sworn, confirmed as much to the Court. DE #208, at 21. The Court further specifically reviewed the contents of the collateral attack waiver at rearraignment. *Id.* at 39-40. The record shows that Cupp's responses were voluntary and verified, and the Court determined at the

---

[4] Cupp also takes issue with the lack of a statement or response from trial counsel regarding the ineffective assistance claim. DE #220, at 2 ("The petitioner should be able to hear from defense counsel on his ineffectiveness."). Quite simply, there is no requirement that trial counsel respond to a defendant's claim of ineffective assistance, and Cupp cites none. Trial counsel's statement or response was unnecessary, in the Court's view, for a full evaluation of the merits.

hearing that Cupp was competent. *Id.* at 47. Solemn declarations in open court "carry a strong presumption of verity" and "constitute a formidable barrier" in subsequent collateral proceedings. *Blackledge v. Allison*, 97 S. Ct. 1621, 1629 (1977). Considering the representations that Defendant made in the plea agreement and during rearraignment, and the significance of his sworn statements, the Court can only conclude that Cupp made an "informed and voluntary" waiver. *In re Acosta*, 480 F.3d at 422. Accordingly, he remains bound by it, and the waiver bars consideration of this non-ineffective assistance claim.

Second, even absent the waiver, a § 2255 motion is not the correct mechanism under which to pursue a sentencing reduction under an amendment to the Sentencing Guidelines. *See* U.S.S.G. § 1B1.10(a)(1); *Newby v. United States*, Nos. 4:07-CR-51-FL-1, 4:12-CV-42-FL, 2013 WL 7098720, at *5 (E.D.N.C. Mar. 19, 2013) ("Courts recognize that a motion pursuant to 18 U.S.C. § 3582(c) is the appropriate motion to be made for a sentence reduction based on a Guideline amendment, not a motion to vacate under 28 U.S.C. § 2255.") (citation, internal quotation marks, and alterations omitted); *see also United States v. Jones*, 143 F. App'x 527, 527 (4th Cir. 2005) ("A motion under § 3582(c)(2) is a post-conviction remedy for an improperly computed sentence that is separate and distinct from a § 2255 motion."). Such relief is not cognizable under § 2255 and is properly sought only via a motion under 18 U.S.C. § 3582(c). *See Walker v. United States*, Nos. 7:07-CR-00076-1-BR, 7:10-CV-00176-BR, 2011 WL 1337409, at *2, n.1 (E.D.N.C. Apr. 7, 2011).

Even if a § 2255 motion were the appropriate vehicle for Cupp's request, the Guidelines Amendment would provide no relief. Amendment 794 addressed, by

commentary modification, the mitigating role adjustment of U.S.S.G. § 3B1.2. Relief under the Amendment is not available to Cupp. As the Sixth Circuit has clearly stated:

> The language of § 1B1.10(b)(1) is clear: if an amendment is not listed in § 1B1.10(c), it cannot be applied in a § 3582(c)(2) resentencing proceeding. Amendment 709, which Goodloe contends applies to make his three prior offenses properly scored as one, is not listed in subsection § 1B1.10(c) and thus cannot properly be applied on resentencing.

*United States v. Goodloe*, 388 F. App'x 500, 506 (6th Cir. 2010). Section 1B1.10 does not enumerate Amendment 794, "and [it] thus cannot properly be applied on resentencing." *Goodloe*, 388 F. App'x at 506; *see also United States v. Watkins*, 655 F. App'x 478, 479 (6th Cir. 2016) ("If no amendment listed in § 1B1.10(d) lowers the defendant's 'applicable guideline range,' then a sentence reduction is inconsistent with § 1B1.10 and, therefore, not authorized by § 3582(c)(2)."). As such, the Court could not apply Amendment 794 retroactively; it provides Cupp no relief.

Lastly, and perhaps most foundationally, the Court notes that Amendment 794 took effect on November 1, 2015, prior to Cupp's sentencing. Accordingly, any changes to the § 3B1.2 commentary were present in and modified the 2015 Guidelines Manual used to compute Cupp's Guidelines range. *See* PIR ¶ 51; DE #146 ¶ 5(a). The retroactive application discussion is thus academic—Cupp logically cannot seek resentencing under a "new" amendment that took effect *prior* to initial sentencing.

For all the above stated reasons, Cupp's request for a sentencing reduction fails.

C. *Evidentiary Hearing*

Cupp requests an evidentiary hearing. *See, e.g.*, DE #205, at 13. The Court must hold one unless "the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No hearing is necessary "where the

11

petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)) (internal quotation marks removed). Cupp's claims do not warrant a hearing; the § 2255 motion filings and case record conclusively show, for the reasons explained, that Cupp's claims fail. Per the above analysis, there are no contested factual issues that justify a hearing; the record decisively forecloses relief.

## IV. CERTIFICATE OF APPEALABILITY

A Certificate of Appealability may issue where a movant has made a "substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). This standard requires a movant to demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000); *see also Miller-El v. Cockrell*, 123 S. Ct. 1029, 1039-40 (2003) (discussing development of standard). The reviewing court must indicate which specific issues satisfy the "substantial showing" requirement. *See* 28 U.S.C. § 2253(c)(3); *Bradley v. Birkett*, 156 F. App'x 771, 774 (6th Cir. 2005) (noting requirement of "individualized assessment of . . . claims") (citing *Porterfield v. Bell*, 258 F.3d 484, 487 (6th Cir. 2001)). For dismissal on procedural grounds, as to when a Certificate of Appealability should issue, the movant must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 120 S. Ct. at 1604. Movant has not made a "substantial showing" as to any claimed denial of rights; all claims pursued conclusively fail on both substantive and procedural

12

grounds. Reasonable jurists would not find the Court's determinations debatable. Accordingly, the Court recommends that the District Court entirely deny a Certificate of Appealability.

## V. RECOMMENDATION

For the reasons discussed above, the Court **RECOMMENDS** that the District Judge wholly **DENY** § 2255 relief (DE #201) and issue **no** Certificate of Appealability.

\* \* \* \* \*

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rule 8(b), Rules Governing Section 2255 Proceedings for the United States District Courts. Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and usually does, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 106 S. Ct. 466, 475 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 10th day of April, 2017.

Signed By:
Robert E. Wier
United States Magistrate Judge