UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 6:15-cr-00013-GFVT-HAI-4 |
| | ) | |
| v. | ) | |
| | ) | |
| JARROD L. CUPP., | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Hanly A. Ingram [R. 270.] Defendant Jarrod L. Cupp has been charged with violations of his supervised release. On January 26, 2016, Mr. Cupp was sentenced to fifty-two months of imprisonment, with five years of supervised release to follow, after pleading guilty to conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 846. [R. 155.] Between August 2019 and March 2021, Mr. Cupp committed several violations of the conditions of his supervised release. [R. 270 at 1-2.] These violations were met with leniency, however, and Mr. Cupp only received modifications to the conditions of his release. *Id.*

Now, stemming from multiple alleged violations that occurred during the months of August and September 2021, Mr. Cupp is charged with violating five terms of his supervised release. *Id.* at 3-4. First and second, Mr. Cupp is charged with Grade B and C violations for using or possessing a controlled substance and for committing a federal, state, or local crime, by his use and possession. *Id.* at 3. Third, Mr. Cupp is charged with a Grade C violation for "obstructing or attempting to obstruct or tamper" a urine drug test he was given by his probation officer. *Id.* And finally, fourth and fifth, due to a separate incident in which Mr. Cupp was

caught with methamphetamine on his person, he is charged with committing a federal, state, or local crime and illegally possessing a controlled substance. *Id.* at 3-4. On September 10, 2021, Mr. Cupp appeared before Magistrate Judge Hanly A. Ingram for his initial appearance, pursuant to Federal Rule of Criminal Procedure 32.1. [R. 264.] During the hearing, the United States made an oral motion for interim detention and Mr. Cupp did not argue for release. [R. 270 at 4.] Based on the heavy defense burden under 18 U.S.C. § 3143(a), Judge Ingram remanded Mr. Cupp to the custody of the United States Marshal. *Id.* On October 5, 2021, Mr. Cupp appeared before Judge Ingram for his final revocation hearing. [R. 269.] There, Mr. Cupp stipulated to having committed Violations #1, #2, and #3. [R. 270 at 4.] Due to his stipulation, the United States moved to dismiss Violations #4 and #5 to permit Mr. Cupp the opportunity to "face the state charges in state court without having previously admitted to the conduct in this Court." *Id.* at 4, 6. Upon review, Judge Ingram found Mr. Cupp to have made "knowing, voluntary, and intelligent" stipulations. *Id.*

At the final hearing, the Government requested revocation with "a penalty of 24 months' incarceration with no further supervised release to follow." *Id.* at 6. In support, the Government argued that Mr. Cupp was "shown leniency on two earlier instances of violation conduct that did not result in revocation," has an extensive criminal history, has already completed multiple terms of in-patient drug addiction treatment to no avail, and that Government resources "would be better allocated to someone else." *Id.* In opposition, the defense requested "revocation with six months of imprisonment, to be followed by six months of home incarceration." *Id.* at 7. As a basis for his requested variance, Mr. Cupp indicated that his girlfriend is currently pregnant with his child and that his proposed sentence would permit him to be home [when the child] is born. *Id.* After hearing both arguments, Judge Ingram evaluated the entire record and considered all of

2

the Section 3553(a) factors imported into the Section 3583(e) analysis, as well as the Guidelines Range. Ultimately, Judge Ingram recommended revocation, a sentence of twenty-four months of incarceration, and no additional term of supervised release. *Id.* at 10.

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of service. *Id.* at 16; *see* 28 U.S.C. § 636(b)(1). Mr. Cupp has not filed any objections to Judge Ingram's Report and Recommendation and filed a waiver of allocution on October 21, 2021. [R. 273.] Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). But when no objections are made, as in this case, the Court is not required to "review… a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn,* 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing to a district court's order adopting that report and recommendation. *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Ingram's recommended disposition.

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. The Report and Recommendation [R. 270] as to Defendant Jarrod L. Cupp is **ADOPTED** as and for the Opinion of the Court;

2. Mr. Cupp is adjudged **GUILTY** of Violations #1, #2, and #3;

3. Upon the Government's oral motion, Violations #4 and #5 are **DISMISSED**;

3

4. Mr. Cupp's current term of supervised release is **REVOKED** and Mr. Cupp is **SENTENCED** to a term of incarceration of twenty-four months with no additional term of supervised release to follow;

5. Judgment shall enter promptly.

This the 29th day of October, 2021.

Gregory F. Van Tatenhove
United States District Judge